Abel Acosta-Clerk
Court of Criminal Appeals
P.O.Box 12308 Capitol Station
Austin Tx. 78711

82,930-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 07 2015

Abel Acosta, Clerk

Date: 07/31 2015

RE: Writ No. 1307915A

Enclosed is one motion for leave and one application for issuance of a writ of Mandamus. Can You Please file-date-stamp and set for Submission with this court in Your Usual fashion.

Sincerly

Timothy Lee Berry

This document contains some
pages that are of poor quality
at the time of imaging.

Timothy Lee Berry #1806479
2661 FM 2054
Tennessee Colony TX 75884

CAUSE NO._____

IN RE: TIMOTHY LEE BERRY          §     IN THE COURT OF CRIMINAL
           RELATOR          §     APPEALS
VS.          §     AT
176th JUDICIAL DISTRICT COURT          §     AUSTIN TEXAS
(HON. SHAWNA L. REAGIN)          §
          RESPONDENT          §

RELATOR'S PRO-SE MOTION FOR LEAVE TO FILE
PETITION FOR ISSUANCE OF A WRIT OF MANDAMUS.
WITH BRIEF IN SUPPORT

TO THE HONORABLE COURT:

NOW COMES RELATOR, TIMOTHY LEE BERRY, Pro-se, in accordance to T.R.A.P. 72, files his motion for Leave to file Petition for Issuance of a writ of Mandamus and will show Good cause as follows;

JURISDICTION

Pursuant to the Code of Criminal Procedures Art. 4.04, this court has Jurisdiction to issue and Grant Mandamus. Also the Court(s) of Appeal although having concurrent Jurisdiction to issue mandamus, do not have, and was not invested with original habeas corpus Jurisdiction in criminal matters in which Relator's underlying issues derive from. See Homan v. Hughes 708 SW 2d 449 (Tx. Cr. APP 1986); Norris v. State 630 SW 2d 362, 364 (Tx. APP. Houston 1st Dis 1982 No Pt).

I.

Relator, in filing his application for writ of habeas corpus with the 176th district court Pursuant to C.C.P. Art. 11.07 §3 seeking relief from a felony conviction, has been estopped by the 176th Judicial Court by refusing to execute writ by wantonly delay of service and

1.

has frustrated Relator's rights to due Process and due Course of law.

## II.

Relator, other than this writ of mandamus, has no other Proper remedy to compel the 176th district Court to Perform its ministeral duties. This court has held Relator's writ of habeas CorPus at least 5 months over the time limit authorized by C.C.P. Art. 11.0753, therefore mandamus relief is sought from this Court.

## PRAYER

Wherefore all Premises considered, Relator Prays that this Court will Grant leave to file Petition for Issuance of a writ of Mandamus.

## CERTIFICATE OF SERVICE

I, Timothy Lee Berry, do certify that a true copy of the fore-Going motion has been delivered by Postal mail to Abel Acosta Clerk of the Court of Criminal APPeals P.O. Box 12308 Capitol Station Austin Tx 78711 on the 03 day of August 2015.
Signed Timothy L. Berry

Timothy Lee Berry #1806479
2661 FM 2054
Tennessee Colony Tx 75884

2.

CAUSE NO. _____

| | | |
|---|---|---|
| IN RE TIMOTHY LEE BERRY | § | IN THE COURT OF CRIMINAL |
| RELATOR | § | APPEALS |
| | § | |
| VS. | § | AT |
| 176th JUDICIAL DISTRICT COURT | § | AUSTIN TEXAS |
| (HON. SHAWNA L. REAGIN) | § | |
| RESPONDENT | § | |

# RELATOR'S PRO-SE PETITION FOR ISSUANCE
## OF A WRIT OF MANDAMUS

TIMOTHY LEE BERRY - RELATOR
2661 FM 2054
TENNESSEE COLONY TX, 75884

## IDENITY OF PARTIES AND COUNSEL

Timothy Lee Berry - Pro-se
TDCJ-ID#1806479
2661 FM 2054
Tennessee Colony TX 75884

176th Judicial District Court Harris County
Hon. Judge Shawna L. Reagin Presiding
P.O. Box 4651
Houston, Texas 77210-4651

Joseph Salhab - Trial Counsel
2028 Buffalo Terrance
Houston, TX 77019

# TABLE OF CONTENTS

| | page |
|---|---|
| Identity of Parties and Counsel | II |
| Table of Contents | III |
| Index of Authorities | IV |
| Statement of the Case | 1 |
| Jurisdiction | 2 |
| Issues Presented | 3 |
| Statement of facts | 4 |
| Argument | 5 |
| Prayer | 5 |
| Certification | 6 |
| Inmate Declaration | 6 |
| Certificate of Service | 6 |
| Appendix ( Signed Order by Judge designating issues - Attorney Affi'd) | 7-10 |

CASES          INDEX OF AUTHORITIES        page

IN RE HALL   112 SW3d 608                                 5

Martin V. Hamlin 25 SW3d 718,719 (TX. Cr. APP. 2000 orig. Proc)    5

Norris V. State 630 SW2d 362, 364 (TX. APP. Houston 1st 1982 Nopt)   2

State ex rel Curry V. Davis 689 SW2d 214, 215 (TX. Cr. APP. 1984)   2


Code of Criminal Procedures

Article 11.07 $ 3                                          1,3,5

Article 11.07 $ 7                                          1

Article 11.60                                             5

## STATEMENT OF THE CASE

On a Plea for murder, Relator agreed to an 50 year Prison sentence. Proceedings were held in the 176th Judicial District Court in Harris County, Honorable Shawna L. Reagin Presiding.

Relator is serving his time in TDCJ H.H. Coffield Unit in Anderson County, where he filed an writ of habeas Corpus Cause no. 1307915-A alleging issues depriving him of his liberty. Amongst these issues, an ineffective assistance claim was raised in Counsels failure to have Relator tested for compentency and he was aware that Relator has family history of mental illness, taking mental medication as well as being on MHMR's (mental health) Case load. Relator Purported that Counsel's failure allowed him to render a Plea that was not 'voluntarily Given'.

upon review of Relator's habeas Corpus, the 176th district court signed a order designating the ineffective assistance claim and ordered trial Counsel Joseph Salhab to file an affidavit.

Although the 176th district court Judge Shawna L. Reagin Presiding, designated Relator's ineffective assistance claim has nevertheless failed to fully discharge the ministerial duties for habeas Proceedings Perscribed by the C.C.P. Art. 11.07 § 3,7.

1.

## JURISDICTION

This Court (C.C.A.) has Jurisdiction to issue writs of Mandamus. See <u>State exrel. Curry V. Davis 689 sw2d 214, 215</u> (Tex. Crim. APP. 1984). Pertaining to issues of habeas Corpus in criminal cases, the Concurrent Jurisdiction of the Court of appeals to issue Mandamus relief does not apply. The 1981 amendments that Gave the Court(s) of Appeal Criminal Jurisdiction, did not invest them with original habeas Corpus Jurisdiction in criminal matters. See <u>Norris V. State 630 sw2d 362, 364 (Tex. APP. Houston 1982 no Pet)</u>.

There fore this Court retains Solely, original Jurisdiction in this issue for Relator's Mandamus relief affects habeas corpus Proceedings in this Criminal Case.

2.

## ISSUES PRESENTED

Relator Seeks mandamus relief in the form of Compeling the 176th district Court to discharge its ministeral duties. The district Court has not complied with C.C.P. Art 11.07 §3 by forwarding to this court the habeas writ in the time limitations as Perscribed by Texas statute and has yet instead delayed execution of the habeas Process and has not issued finding of facts Prejudicing Relator by freezing redress through the courts, and denying him due Course of law.

## STATEMENT OF FACTS

On November 7th the Presiding Judge of the 176th District Court signed the State's Proposed order designating ineffective assistance of counsel claim and ordering trial counsel to submit an affidavit in response. Appendix A (Proposed order) affirmatively sets forth that the trial court gave counsel 30 days to file affidavit, which would put deadline around December 6th or 7th 2014.

Trial Counsel has not complied with said order and although the Relator has requested through letters to the court, nothing has been done about this delay. This puts the court ordered deadline in excess of 7 and a half months.

Appendix A will also show that the trial court froze all documents under this writ number (Habeas Corpus) from being forwarded to this court until ordered by the trial court, which adds to the wantonly delay. It is under these contentions that Relator seeks extrodinary relief from this court.

4.

## ARGUMENT

Article 11.07 §3(b)(c)(d) of the Code of Criminal Procedures clearly Potrays the ministerial duties and Guidlines of the time frame in reviewing habeas application and designating issues. As stated, these are ministerial duties not discretionary issues and should be as reasonable complied with, without unduly delay. Art. 11.07 §3 Constitutes a duty clearly fixed and required by law and describes it with such certainty nothing is left to the exercise of discretion or Judgment. See. In RE Hall 112 SW3d 608 610 (Tex. APP. Tyler 2001).

This court ruled in Martin V. Hamlin 25 SW3d 718, 719 (TX. Cr. APP. 2000, orig. Proceeding) affirming that the state is allowed 15 days to respond to the habeas application and after the expiration of those days the trial court is allowed 20 days to make its determination. The Appendix included shows that these dates were somewhat obeyed. However, after the court granted 30 days for the trial counsel to submit his affidavit, and the unduly delay of said order, the trial court refused to discharge the ministeral duties by forwarding habeas documents to this court and has ordered the court to not forward documents until further notice from them making this order a refusal to execute writ prohibited and punished under Art. 11.60 C.C.P.

Relator is denied due course of law and seeks the issuance of this writ of Mandamus, compelling the court to forward habeas writ.

## PRAYER

Wherefore all Premises Considered that this court will issue Mandamus, or any other relief this court sees fit.

Respectfully Submitted

Timothy Lee Berry

5.

## CERTIFICATION

Relator certifies that he has reviewed the Petition and concluded that every factual statement in the Petition is supported by competent evidence included in the appendix or record.

## INMATE DECLARATION

I Timothy Lee Berry #1806479, being currently incarcerated in TDCJ H.H. Coffield Unit in Anderson County, do swear under Penalty of Perjury the foregoing are true and correct. Executed on this 3rd day of August 2015.

Signed Timothy Lee Berry

## CERTIFICATE OF SERVICE

I Timothy Lee Berry certify that a true copy of the foregoing Mandamus Petition was delivered by Postal Mail to Abel Acosta Clerk of Court of Criminal Appeals P.O. Box 12308 Capitol Station Austin TX 78711 on the 3rd day of August 2015.

Signed Timothy Lee Berry

Timothy L. Berry #1806479
2661 FM2054
Tennessee Colony TX 75884

6.

APPENDIX "A"

FILED
Chris Daniel
District Clerk

NOV 04 2014

Time:_____
Harris County, Texas
By_____
Deputy

NO. 1307915-A

EX PARTE § IN THE 176TH DISTRICT COURT

§ OF

TIMOTHY LEE BERRY,
 Applicant § HARRIS COUNTY, T E X A S

# STATE'S PROPOSED ORDER DESIGNATING ISSUES
## AND ORDER FOR FILING AFFIDAVIT

Having considered the application for writ of habeas corpus in the above-captioned cause and the State's original answer, the Court finds that the issue of whether the applicant was denied the effective assistance of counsel needs to be resolved.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the issues designated in this case and then enter findings of fact.

To assist the Court in resolving this factual issue, JOSEPH SALHAB is ORDERED to file an affidavit summarizing the actions taken to represent the applicant in cause number 1307915 and responding to the allegations contained in the instant application for writ of habeas corpus, specifically responding to the following:

1. Please state the dates of counsel's representation of the applicant in the primary case.

8.

2. Please state whether counsel believed it was beneficial or necessary to request a competency hearing in the primary case, and the basis for counsel's belief.

3. Please state whether counsel believes the applicant had sufficient present ability to consult with counsel with a reasonable degree of rational understanding and/or a rational as well as factual understanding of the proceedings against him at the time of his plea; summarize the basis for counsel's belief.

4. Please state whether the applicant exhibited any speech, actions or behavior that raised concern as to applicant's competency; summarize the basis for counsel's belief.

5. Please state the extent to which counsel discussed the trial court's written admonishments and the other plea papers with the applicant prior to the applicant's entering his plea in the primary case; if counsel does not have independent recollection of the event, please state what counsel's usual and customary practice was and also state whether counsel has any reason to believe that counsel varied from that practice in this particular case.

6. Please state whether counsel believes the applicant's guilty plea was freely, knowingly and voluntarily made, and include the reasons for this belief.

JOSEPH SALHAB is ORDERED to file said affidavit with the Appellate Division of the District Clerk's Office, 1201 Franklin, Third Floor, Houston, Texas 77002, within **THIRTY DAYS** of the signing of this order.

The Clerk of the Court is **ORDERED** to send a copy of this order to the applicant, a copy of this order to the State, and to serve copies of this order and the application to:

2

9i

Mr. Joseph Salhab
Attorney at Law
2028 Buffalo Terrace
Houston, Texas 77019

When the affidavit of JOSEPH SALHAB is received, the Clerk is **ORDERED** to send a copy of said affidavit to the applicant, Timothy Lee Berry, TDCJ # 01806479 – Coffield Unit, 2661 FM 2054, Tennessee Colony, TX  75884; and a copy to counsel for the State, Pamela Paaso, Assistant District Attorney, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002.

The Clerk of the Court is **ORDERED** **NOT** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further ordered by this Court.

**By the following signature, the Court adopts the State's Proposed Order Designating Issues and for Filing Affidavit in Cause Number 1307915-A.**

Signed this _____ day of _____ NOV - _____, 2014.

_____
PRESIDING JUDGE

3

10r

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date. Witness my official hand and seal of office this

11-11-14

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

DISTRICT COURT OF HARRIS COUNTY TEXAS